# IN THE CIRCUIT COURT OF KNOX COUNTY, TENNESSEE
## AT KNOXVILLE

FILED
CHARLES D. SUSANO III
CLERK

2021 FEB 18 AM 10: 01

| | |
|---|---|
| ANGELA SUNSHINE HALL, LEGAL REPRESENTATIVE OF THE ESTATE OF CONNIE MARIE BRADY, DECEASED )<br><br>Plaintiff, )<br><br>v. )<br><br>FORD MOTOR COMPANY, )<br><br>Defendant. ) | Civil Action No. 3-44-21 |

You are hereby summoned and required to serve upon Rick A. Owens Law, PLLC, whose address is 550 E. Broadway Avenue, Maryville, Tennessee 37804, a true copy of the defense to the Complaint, which is herewith served upon you, with thirty (30) days after service of this summons upon you, exclusive of the day of service. You will file the original pleading with the court. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

Issued this the 18 day of Feb, 2021.

Witness, Charles D. Susano III, Clerk of said court, at office in Knox County, Tennessee.

_____     _____
Clerk                                                              Deputy Clerk

## NOTICE

TO THE NAMED DEFENDANT: **FORD MOTOR COMPANY**

Tennessee law provides a Ten Thousand Dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution of garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these items include the necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. T.C.A. §26-2-114.

ADA
FOR ASSISTANCE CALL
865 / 215-2952
TTY: 865 / 215-2497

## SERVICE INFORMATION

To the process server: Defendant, **FORD MOTOR COMPANY**, may be served through its registered agent, CT Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919-5546.

## RETURNED

I received this summons on the 18th day of _____Feb,_____, 2021.

I hereby certify and return that on the 18th day of _____Feb,_____, 2021, I:

(✓) served this summons and a complaint on Defendant, FORD MOTOR COMPANY through its registered agent, CT Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919-5546, in the following manner:_____

_____

( ) failed to serve this summons within 30 days after its issuance because:

_____

_____
George Hawley
Process Server

FILED
CHARLES D. SUSANO III
CLERK
2021 FEB 18 AM 10: 01

# IN THE CIRCUIT COURT OF KNOX COUNTY, TENNESSEE
## AT KNOXVILLE

| | |
|---|---|
| ANGELA SUNSHINE HALL, LEGAL REPRESENTATIVE OF THE ESTATE OF CONNIE MARIE BRADY, DECEASED<br><br>Plaintiff,<br><br>vs.<br><br>FORD MOTOR COMPANY,<br><br>Defendant. | Civil Action No. 3-44-21 |

## COMPLAINT

Comes the Plaintiff, Angela Sunshine Hall, daughter, Personal Representative of the Estate of Connie Marie Brady, deceased and for the wrongful death action of her Mother and the Estate of Connie Marie Brady, and would respectfully show unto the Court the following:

1. The Plaintiff, Angela Sunshine Hall, is and at all times mentioned herein was a citizen and resident of Roane County, Tennessee. At the time of the events hereinafter described, The Plaintiff, Angela Sunshine Hall, was residing in Kingston, Tennessee 37763, but the events which are the subject of this litigation took place in Knox County, Tennessee.

2. The Plaintiff, Angela Sunshine Hall, is the daughter and Legal Representative of Connie Marie Brady, deceased, who died as a result of a severe brain injury which occurred on or about February 20, 2020. Connie Marie Brady died on February 21, 2020 at the University of Tennessee Hospital in Knoxville, Tennessee after suffering a traumatic brain injury. The Plaintiff brings this action on behalf of the Estate of Connie Marie Brady.

3. At all times mentioned herein, the Defendant, Ford Motor Company, was believed to be a duly organized and chartered corporation based in Dearborn, Michigan. However, service

of process may be made upon the Defendant, Ford Motor Company through its registered agent, CT Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919-5546.

4. At all times mentioned herein and under the doctrine of Respondeat Superior and other doctrines of agency, the negligence of various employees of the Defendant, Ford Motor Company, is imputed to the Defendant, Ford Motor Company.

5. That on or about February 20, 2020 the Plaintiff's decedent, Connie Marie Brady, was escorting a vehicle from one location to another when on February 20, 2020 a 2019 Ford Ranger which Connie Marie Brady was driving suddenly accelerated causing Connie Marie Brady to strike the rear of another vehicle and brought about a serious traumatic brain injury to Connie Marie Brady, deceased.

6. The 2019 Ford Ranger which was operated by Connie Marie Brady, was manufactured, sold and distributed by the Defendant, Ford Motor Company, through its agents, servants, and employees in Knox County, Tennessee.

7. The Plaintiff will show unto the Court that the Defendant, Ford Motor Company, was guilty of the following acts of negligence, all of which were the direct, approximate and or contributing cause of the personal injury and death of Connie Marie Brady.

(A) The Defendant, Ford Motor Company, negligently and carelessly failed to warn the deceased, Connie Marie Brady, of the dangers of sudden unintended acceleration while braking. The Defendant, Ford Motor Company, negligently and carelessly failed to warn of defective conditions which it knew to exist and or in the exercising of reasonable care should have known to exist during the operation of the 2019 Ford Ranger.

(B) That the Defendant, Ford Motor Company negligently and carelessly misrepresented the quality and characteristics of the 2019 Ford Ranger to such an extent that

2

users of the vehicle would rely upon such misrepresentations when using and or otherwise operating this vehicle.

(C) That at all times material to this cause of action, the Defendant, Ford Motor Company, was also negligent in manufacturing a "dangerous instrumentality" and otherwise failure to warn of "hidden" and or "latent" conditions which it knew to exist and or to exercise reasonable care should have known to exist with regard to the operation of the 2019 Ford Ranger.

(D) That the product, the 2019 Ford Ranger, in question, which was manufactured, marketed and otherwise sold by the Defendant, Ford Motor Company, was further defective and unreasonably dangerous in that the deceased, Connie Marie Brady, as well as other consumers have been furnished with inadequate warnings and or instructions regarding the hazards or risk associated with the operation of the 2019 Ford Ranger, assembled, manufactured, distributed and or otherwise marketed by the Defendant, Ford Motor Company. The Plaintiff in this cause also relies per the Doctrine of Strict Liability and Tort as announced in the Restatement of Torts, 2d. § 402(A). Vehicle identification number for the vehicle in question was 1FTER4FHXKLA32536. Neither the deceased, Connie Marie Brady, nor the ordinary consumer appreciated the danger or risk of injury in the assembly and or manufacturing of the vehicle in question without adequate inspection, assembly and marketing. That the dangers posed by the absence of warnings, inspections, and safety devices incidental to the assembly, manufacturing and operation of the vehicle in question are beyond that danger expected by an ordinary consumer with ordinary knowledge, to the community as to the characteristics in the use of the vehicle which is the subject of this litigation.

3

8. That at all time mentioned herein, the Defendant, Ford Motor Company, both expressly and impliedly warranted the 2019 Ford Ranger which it assembled, manufactured and marketed to be merchantability fit for the protective purpose for which it was being used at the time of the death of Connie Marie Brady, and it has also been a breach of warranty by the Defendant, Ford Motor Company. The Plaintiff also relies in this cause of action upon the warranty provisions of the Uniform Commercial Code as adopted in Tennessee in § 4-2-313, 47-2-314, and 47-3-315 of the Tennessee Code Annotated.

9. That the violation of the above-described statute combined with negligent acts of the Defendant, Ford Motor Company, were a direct, proximate, and or contributing cause of the sudden unintended acceleration of the 2019 Ford Ranger and the injuries and ultimate death of Connie Marie Brady.

10. The Plaintiff will further show onto the Court that at the time of the death of Connie Marie Brady, the deceased was seventy-four (74) years of age and in good health. The Plaintiff will further show onto the Court that Connie Marie Brady had been gainfully employed, producing substantial income, and the negligent acts of the Defendant resulted in a series of foreseeable events, bringing about the wrongful death of Connie Marie Brady.

11. That because of her injuries, Connie Marie Brady, suffered conscious physical pain and mental suffering from which she endured and from which she died. That the Plaintiff is entitled to recover the pecuniary value of the life of her deceased mother, and for the conscience pain and suffering prior to her wrongful death. In addition, the Defendant, should be required to pay or otherwise be responsible for the funeral, burial, medical, hospital, and other related expenses which were necessarily incurred as a result of the traumatic injuries and death sustained by Connie Marie Brady.

12. That the Plaintiff, Angela Sunshine Hall, had a close and loving relationship. The Plaintiff further alleges that she has been deprived of certain elements of her family relationship with her mother which include but are not limited to comfort, attention, guidance, solace, care, companionship, affection, and love, all as a result of the death of Connie Marie Brady.

13. The Plaintiff reserves the right to amend this Complaint to conform to the evidence as it develops hereafter. The Plaintiff reserves the right to further add additional facts and circumstances to the complaint if deemed necessary.

WHEREFORE, premises considered, the Plaintiff, Angela Sunshine Hall, as daughter and personal representative of Connie Marie Brady, deceased, prays as follows:

1. That proper process issue and be served upon the Defendant and that the Defendant be required to answer this Complaint within the time required by law, but not under oath, their oath being waved.

2. That the Plaintiff, Angela Sunshine Hall, be awarded such compensatory damages as the Court deems proper under the law and evidence and not to exceed, Seven Hundred and Fifty Thousand Dollars ($750,000.00).

3. The Plaintiff request that she recover the cost of this cause, including discretionary costs and pre-judgment interest.

4. That a jury determine the issues of this cause.

5. That the Plaintiff be granted such further and general relief to which she may be entitled under the law and evidence.

5

ANGELA SUNSHINE HALL, DAUGHTER AND
PERSONAL REPRSENTATIVE OF THE
ESTATE OF CONNIE MARIE BRADY BY:

_____
David H. Dunaway (BPR # 0491)
Attorney for Plaintiff
Rick A. Owens Law Office, PLLC
550 E. Broadway Avenue
Maryville, TN 37804
dhdunaway@aol.com
Phone: (865) 268-5228
Fax: (865) 238-2174
Direct Line: (865) 617-7085

_____
Rick A. Owens (BPR # 033474)
Co-Counsel for Plaintiff
550 East Broadway Avenue
Maryville, TN 37804
rickaowenslaw@att.net

## COST BOND

We acknowledge ourselves as sureties for all cost, taxes and damages in this case in this case in accordance with Tenn. Code Ann. § 20-12-120 et. seq.

_____
Connie Marie Brady, Principal
201 Smith Road
Kingston, TN 37763-4043

_____
Surety, Rick A. Owens
Attorney for Plaintiff
550 East Broadway Avenue
Maryville, TN 37804
(865) 268-5228

FILED
CHARLES D. SUSANO III
CLERK
2021 FEB 18 AM 10:01

6

FILED
CHARLES D. SUSANO III
CLERK
2021 FEB 18 AM 10: 01

IN THE CIRCUIT COURT OF KNOX COUNTY, TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ANGELA SUNSHINE HALL, LEGAL REPRESENTATIVE OF THE ESTATE OF CONNIE MARIE BRADY, DECEASED<br><br>Plaintiff,<br><br>vs.<br><br>FORD MOTOR COMPANY,<br><br>Defendant. | Civil Action No. 3-44-21 |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO THE DEFENDANT

To: Ford Motor Company, Defendant

COMES now the Plaintiff, Angela Sunshine Hall, daughter and personal representative of the Estate of Connie Marie Brady, deceased, by and through her attorneys, pursuant to Rules 26, 33 and 34 of the Tennessee Rules of Civil Procedure and would submit the following Interrogatories and Request for Production of Documents to be served upon the Defendant. Pursuant to the above stated rules, the Plaintiff request the Defendant to answer the following Interrogatories under oath, within the time required by law, and to provide for copy and inspection within the time provided by law, the materials requested in accordance with the rules 26, 33, and 34 of the Tennessee Rules of Civil Procedure. These Interrogatories are to be deemed continuing in nature so as to require supplemental answers should the Defendant or the Defendant's attorneys obtain further information between the time that the answers are served and the judgment otherwise satisfied. The Plaintiff would further request the answer to these interrogatories and documents requested to be forwarded to Plaintiff's counsel, Rick A. Owens and David H. Dunaway at 550 E. Broadway Avenue, Maryville, Tennessee 37804.

*I. Definitions.* As used in these interrogatories, the terms listed below shall be defined as follows:

    A.    When used in these Interrogatories, the word "Defendant" or any synonym, thereof is intended and shall embrace and include, in addition to the Defendant, all agents, servants, representatives, private investigators, and others who are in a position of or may have obtained information for or on behalf of the Defendant.

    B.    "Person" means any natural person, firm, association, partnership, governmental agency or other legal entity unless indicated otherwise.

    C.    "Document" means any kind of written or graphic matter, however produced or reproduced, of any kind or description, whether sent or received or neither, including originals, copies and drafts and both sides thereof, and including but not limited to: papers, books, letters, photographs, objects, tangible things, correspondence, telegrams, cables, telex messages, memoranda, notes, notations, work papers, transcripts, minutes, reports, drawings, blueprints, and tape recordings of any type or size, and recordings of telephone or other conversations, or interviews, conferences, or other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, journals', statistical reports, desk calendars, appointment books, diaries, lists, tabulations, summaries, sound recordings, computer printouts, data processing input and output, microfilms, and all other records kept by electronic, photographic or mechanical means and things similar to any of the foregoing, however denominated. The word "or" means "and/or"; also, the word "and" means "and/or".

    D.    "Written communication" means, without limitation, correspondence, letters, and telegrams whether received or not.

    E.    "Oral communication" means both telephone and face to face communication.

    F.    "Give the details" is a request that when appropriate, the answer containing the details specified in sub-paragraphs 1 through 6 below, including the identification of all documents, written communications, and oral communications relied upon or relevant thereto. If any such details are required in answering more than one interrogatory, repetition is not necessary, providing the Plaintiff complies complete detail in his answer to the prior interrogatory and in subsequent answers refers to the page and line number at which the detail was previously supplied.

        1.    As to each course of action or conduct referred to, a statement of each act, event, transaction, occasion, incident or matter claimed to be part of the course of action or conduct including:
            (a) the date, time and place when it occurred;
            (b) the identity of each person participating, and a statement of who such person purported to represent;
            (c) a statement of the subject matter.

2

2. As to each person referred to, a statement of his name, occupation, last known address, and last known employment.

3. As to each "document" (other than a written communication) mentioned or referred to in the answer, a statement of:
   (a) its nature, i.e., contract, memorandum, report recording, transcription, etc.;
   (b) it's title, if any;
   (c) the date it was prepared;
   (d) the identity of each person who prepared it, participated in its preparation and/or signed it;
   (e) who each of the persons referred to in (d) purported to represent;
   (f) its subject matter; and
   (g) the name and last known address of the person who presently has custody of it.

4. As to each "written communication", a statement of:
   (a) it's mature, i.e., letter, memorandum, etc.;
   (b) the date it was signed or sent;
   (c) the date it was received;
   (d) the identity of the person to whom it was sent;
   (e) the identity of any person sent a copy;
   (f) who each such person purported to represent;
   (g) the subject matter of the communication; and
   (h) the name and last known address of the person who presently has custody of it.

5. As to each "oral communication" mentioned or referred to in the answer, a statement of:
   (a) the persons involved;
   (b) the date on which it occurred;
   (c) where it occurred or if a telephone conversation, the place at which each person involved was located; and
   (d) what was said by each person involved.

6. The name, last known address, official position of each and every person who supplied the person answering these interrogatories with any of the information contained in the answer to the interrogatory.

G. Each term used herein which is also used in the divorce complaint, is used in the same sense as it is used in that pleading except as the context may otherwise require.

*II. Construction of Grammar and Syntax.* Grammar and syntax as used in these interrogatories shall be construed and interpreted to give proper meaning and consistency to its context. By way of illustration and not by way of limitation, the singular may be construed to

3

include the plural, the plural the singular, and the use of any gender or tense may be construed to include all genders and tenses.

*III. Multiple Questions.* Each interrogatory is intended to and does, request that each and every part and particular thereof be answered as though it were the subject of, and were asked by, a separate interrogatory.

## INTERROGATORIES

1. Please describe all advertising and marketing utilized by the Defendant, Ford Motor Company, in reference to the manufacturing, sale and operation of the 2019 Ford Ranger before, at the time of, and after the accident of Connie Marie Brady on February 20, 2020 which is the subject of this litigation.

    ANSWER:

2. If you will do so without a Motion to Produce, attach a copy of the marketing ads as well as any information obtained or otherwise disseminated by the Defendant concerning sudden unintended acceleration of the 2019 Ford Ranger vehicle prior to, at the time of and or after the time of the accident of Connie Marie Brady on or about February 20, 2020.

    ANSWER:

3. If you contend there was a mechanical defect or malfunction with regard to the 2019 Ford Ranger which while driving various speeds and or depressing the brake pedal that the vehicle would fail to stop, please state the type of mechanical problems or malfunction known and or otherwise discovered by the Defendant and the names of the persons who have knowledge regarding this and any records which were made pursuant to any inspection and or repair and or discovery of sudden unintended acceleration which

4

is the subject of this litigation.

ANSWER:

4. Please state whether or not any charts, diagrams, photographs, videos, and or memoranda were made by you or/are in your possession with regard to complaints that have been logged about 2019 Ford Ranger braking problems and or sudden unintended acceleration. If you have such photographs, video, memorandum, instructive memoranda, and or other evidence, please attach copies of such photographs, video, memoranda and documents to your answers to these interrogatories.

ANSWER:

5. If you will do so without a Motion to Produce, please provide a copy of the operator's manual as well as any training videos which were made available for the use of the 2019 Ford Ranger which is the subject of this litigation.

ANSWER:

6. If you would do so without a Motion to Produce, please provide the results of all tests that were preformed on the 2019 Ford Ranger with regard to the issues of braking, and sudden unintended acceleration, and tests of sudden acceleration which is the subject of this litigation for a period of time from the inception of the manufacturing of the product through the present period.

ANSWER:

7. Please provide the results of all braking test and sudden unintended acceleration that were performed on the 2019 Ford Ranger which is the subject of this litigation for a period of time before as well as after the product was released on the market.

ANSWER:

5

8. Has the Defendant or anyone acting on behalf of the Defendant obtained from any person or persons oral or written reports, complaints, statements, memoranda or testimony concerning unintended acceleration while braking with a 2019 Ford Ranger. If so please state:

(a) The name, last known address and telephone number of each person making a complaint or otherwise disclosing to the Defendant the problems which were found with unintended acceleration while braking.

9. If you will do so without a Motion to Produce, attach a copy of all statements, reports, complaints, memoranda or testimony referred to in the previous interrogatory.

ANSWER:

10 Please state whether the Defendant has been warned, and or questioned by anyone including any governmental agency for instances of unintended acceleration while braking on the 2019 Ford Ranger which is the subject of this litigation.

ANSWER:

11. If the answer to the previous interrogatory is in the affirmative, please identify the governmental agency that issued the warning or citation, stating in detail the reason for the warning or citation and if you will do so without a Motion to Produce, attach to your answers herein any documents evidencing the warning, citation or information.

ANSWER:

Respectfully submitted this \_\_18th\_\_ day of \_\_February\_\_, 2021.

        ANGELA SUNSHINE HALL, LEGAL
        REPRSENTATIVE OF THE ESTATE OF
        CONNIE MARIE BRADY BY:

        _____
        David H. Dunaway
        Attorney for Plaintiff
        Rick A. Owens Law Office, PLLC
        550 E. Broadway Avenue
        Maryville, TN 37804
        dhdunaway@aol.com
        Phone: (865) 268-5228
        Fax: (865) 238-2174
        Direct Line: (865) 617-7085

        _____
        Rick A. Owens (#033474)
        Co-Counsel for Plaintiff
        550 East Broadway Avenue
        Maryville, TN 37804
        rickaowenslaw@att.net

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and exact copy of the foregoing Interrogatories was attached and filed with the original Complaint to be served herein.

This the \_\_18th\_\_ day of \_\_February\_\_, 2021.

        _____
        Rick A. Owens, (#033474)
        Attorney for Plaintiff

7